UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SILBURN SPENCE,<br><br>              Plaintiff,<br><br>            v.<br><br>CITY OF NEW YORK, ASST. DEP. WARDEN CAMERON, Shield # 1300, CAPT. BAIARDI, Shield # 658, CAPT. SPENCER, Shield # 646, C.O. PINALES, Shield # 9759, C.O. LEWIS, Shield # 2320, CAPT. SANTIAGO, Shield # 840, CAPT. BARTON, Shield # 1685, C.O. BATTLE, Shield # 14836,<br><br>              Defendants. | **SECOND AMENDED COMPLAINT**<br><br>14 Civ. 6837 (ARR) (LB) |

        Plaintiff Silburn Spence, by his attorneys Paul, Weiss, Rifkind, Wharton & Garrison LLP, for his Second Amended Complaint, alleges as follows:

### NATURE OF THE ACTION

        1.    This is a civil rights action for damages pursuant to 42 U.S.C. § 1983.  On February 9, 2012, while in the custody of the New York City Department of Corrections ("DOC" or the "Department"), and confined to the Otis Bantum Correctional Center at Rikers Island ("OBCC"), OBCC staff members—despite Mr. Spence's repeated, express warning that he was at substantial risk of being harmed by other inmates because of his gang affiliation and after placing Mr. Spence in housing with members of an opposing gang—opened Mr. Spence's cell, allowing a group of inmates to brutally attack him with weapons.  As a result of this illegal and unjustified assault, Mr. Spence suffered serious physical and emotional pain.

2. Following the beating, Mr. Spence was placed in protective custody. Despite this fact, however, and in clear contravention of the requirements of his protected status, on March 6, 2013, Kings County Supreme Court staff members placed Mr. Spence in a holding pen alongside another group of inmates at the Kings County Supreme Court. Mr. Spence was again brutally attacked, and as before, the inmates who committed the illegal assault wielded weapons. As in the first instance, Mr. Spence suffered serious physical and emotional pain.

3. Mr. Spence now seeks redress against the DOC employees who allowed both beatings to occur; in the first instance, he seeks redress from the three OBCC staff members who ignored his truthful statement that he was in peril, failed to protect him, and placed him in danger in violation of his constitutional rights. In the second instance, he seeks redress from the five Kings County Supreme Court staff members who ignored his protective custody status, failed to protect him, and placed him in danger in additional violation of his constitutional rights. He also seeks redress from the City of New York.

**JURISDICTION AND VENUE**

4. This action arises under the Eighth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

5. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343(a), and 1367(a).

6. Venue of this action lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the claims arose in this district.

## THE PARTIES

7.  Plaintiff Silburn Spence is a citizen of the United States. On or around February 9, 2012, he was an inmate in the custody of the DOC at OBCC, housed in the annex building. On or around March 6, 2013, Mr. Spence was held in a Kings County Supreme Court holding pen.

8.  Defendant City of New York ("City") is a municipal corporation which, through its DOC, operates a number of detention facilities. The DOC, through its senior officials at the central office, in each facility, and in its specialized units, promulgates and implements policies, including those with respect to the monitoring and protection of inmates.

9.  At all relevant times, defendant Assistant Deputy Warden Cameron, Shield # 1300, was an Assistant Deputy Warden within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Assistant Deputy Warden Cameron worked at OBCC at the time of the incidents alleged herein and was involved in, witnessed, and failed to intervene in the first attack on Mr. Spence. Assistant Deputy Warden Cameron is sued in his individual capacity.

10. At all relevant times, defendant Captain Joseph Baiardi, Shield # 658, was a Captain within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Captain Baiardi worked at the Kings County Supreme Court at the time of the incidents alleged herein, and was involved in, witnessed, and failed to intervene in the second attack on Mr. Spence. Captain Baiardi is sued in his individual capacity.

11. At all relevant times, defendant Captain Spencer, Shield # 646, was a Captain within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Captain Spencer worked at OBCC at the time of the incidents alleged herein and was involved in, witnessed, and failed to intervene in the first attack on Mr. Spence. Captain Spencer is sued in his individual capacity.

12. At all relevant times, defendant Correction Officer Christina Pinales, Shield # 9759, was a Correction Officer within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Correction Officer Pinales worked at the Kings County Supreme Court at the time of the incidents alleged herein, and was involved in, witnessed, and failed to intervene in the second attack on Mr. Spence. Correction Officer Pinales is sued in her individual capacity.

13. At all relevant times, defendant Correction Officer Pearl Lewis, Shield # 6552, was a Correction Officer within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Correction Officer Lewis worked at the Kings County Supreme Court at the time of the incidents alleged herein, and was involved in, witnessed, and failed to intervene in the second attack on Mr. Spence. Correction Officer Lewis is sued in her individual capacity.

14. At all relevant times, defendant Captain Barton, Shield # 1685, was a Captain within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Captain

Barton worked at OBCC at the time of the incidents alleged herein and was involved in, witnessed, and failed to intervene in the first attack on Mr. Spence. Captain Barton is sued in his individual capacity.

15. At all relevant times, defendant Captain Maximo Santiago, Shield # 840, was a Captain within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Captain Santiago worked at the Kings County Supreme Court at the time of the incidents alleged herein and was involved in, witnessed, and failed to intervene in the second attack on Mr. Spence. Captain Santiago is sued in his individual capacity.

16. At all relevant times, defendant Correction Officer Guy Battle, Shield # 14836, was a Correction Officer within the DOC, acting in the capacity of agent, servant, and employee of the City and acting under the color of state law. On information and belief, Correction Officer Battle worked at the Kings County Supreme Court at the time of the incidents alleged herein and was involved in, witnessed, and failed to intervene in the second attack on Mr. Spence. Correction Officer Battle is sued in his individual capacity.

17. Upon information and belief, and at all times mentioned herein, the City, its departments, agents, servants and/or employees, managed, supervised, directed and/or controlled the custody, confinement, care, and treatment of those persons arrested, confined and /or otherwise detained in its various jails, including but not limited to the plaintiff.

18. At all times mentioned herein, the defendants assumed the custody and care of the plaintiff, were entrusted with the custody and care of the plaintiff, assumed a duty of care to the plaintiff, and owed a duty of care to the plaintiff.

## STATEMENT OF FACTS

*The February 9, 2012 Assault*

19. While Mr. Spence was incarcerated at OBCC, a gang war raged, with multiple groups targeting the gang of which Mr. Spence was a member. OBCC personnel were aware of this gang war. Upon information and belief, rival gang members were to be housed in separate buildings in order to eliminate violence.

20. Mr. Spence repeatedly informed Captains Spencer and Barton and Assistant Deputy Warden Cameron that his life would be in danger if he were housed amidst rival gang members. Despite his repeated pleas, Mr. Spence was told by Captain Spencer that he had "better know how to fight," and sent to live in the annex building.

21. Mr. Spence was handcuffed and publically forced into the annex building, with DOC employees trailing him and filming the transfer.

22. The officers who allowed Spence to be housed in the annex building knew or should have known that Mr. Spence was at a substantial risk of serious harm because of this housing arrangement.

23. On the morning of February 9, 2012, Mr. Spence was lying in his cell in the annex building at OBCC, asleep.

24. At or around 6:30 a.m., Mr. Spence awoke to the sound of his cell door being opened; before he knew what was happening, six or seven inmates brandishing weapons ran into his cell and started savagely attacking him.

25. Upon information and belief, the inmates wielded scalpels that they had smuggled into the prison.

26. Upon information and belief, the inmates gained access to Mr. Spence's cell by asking one of the Defendant officers to unlock it. The officer complied, despite the fact that Mr. Spence had previously informed OBCC personnel that he was in substantial risk of being harmed by the other inmates residing in the annex building and despite the officer's knowledge of an active gang war.

27. During the attack, Mr. Spence struggled to protect himself and force the group of inmates out of his cell, suffering lacerations across his body in the process.

28. The assault continued for around five to ten minutes, with no officers entering to protect Mr. Spence and end the attack.

29. Mr. Spence sustained wounds to his back, face, lip, nose, side, and arm from this attack and required over 200 sutures to repair these wounds.

30. The officer who opened Mr. Spence's cell door knew or should have known that he was placing Mr. Spence at a substantial risk of serious harm.

31. Upon information and belief, Mr. Spence filed a formal grievance with the DOC but received no response. When he inquired further, Mr. Spence was informed repeatedly that the incident was outside the scope of the formal grievance process.

*The March 6, 2013 Assault*

32. Following the February 9, 2012 incident, Mr. Spence was placed in protective custody. During this time, he was required to be kept separate from other inmates.

33. On March 6, 2013, in contravention of the requirements of his protected status, Mr. Spence was placed in a cell with three other inmates at the Kings County Supreme Court.

34. Mr. Spence was initially placed in a cell by himself, but eventually the officers added three other inmates to the cell. The additional inmates were members of a gang.

35. Suddenly, the inmates placed in the cell alongside Mr. Spence began attacking him; two of them revealed scalpels and the third sprang to his feet to stand watch at the door of the cell.

36. As before, the attack continued for around five to ten minutes, with no officers entering to protect Mr. Spence and end the attack.

37. Mr. Spence sustained wounds to his neck, forearm, chest, abdomen, and stomach from this attack and required numerous sutures to repair these wounds.

38. The officers who placed Mr. Spence in the cell and left him unsupervised with other inmates knew or should have known that they were placing Mr. Spence at a substantial risk of serious harm.

39. Similarly, as before, Mr. Spence attempted to file a formal grievance process with the DOC but received no response. When he inquired further, he

was informed repeatedly that the incident was outside the scope of the formal grievance process.

40. Defendants repeatedly demonstrated deliberate indifference towards Mr. Spence's constitutionally protected rights and physical well-being.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 / Eighth and Fourteenth Amendments**
**(Against All Defendants)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

42. By reason of the foregoing, Defendants were aware of a substantial risk to Mr. Spence's safety and acted with reckless disregard for the substantial risk posed to Mr. Spence.

43. Defendants failed to take reasonable measures to protect Mr. Spence from known risks to his safety.

44. By reason of the foregoing, and by failing to prevent the assault, battery, and use of gratuitous, excessive, brutal, sadistic, and unconscionable force, and by failing to effectively investigate and remedy such a violation, the Individual Defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C § 1983, including but not limited to, rights guaranteed by the Fourteenth Amendment of the United States Constitution to be free from gratuitous and excessive force.

45. Defendants acted under pretense and color of state law and in their individual capacities as DOC officers and employees. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their

powers. These defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

### SECOND CLAIM FOR RELIEF
### Negligence
### (Against all Defendants)

47. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

48. Defendant City and the individual Defendants owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would likely result from the foregoing conduct.

49. Despite their knowledge of the substantial risk of the plaintiff suffering the harms he ultimately suffered, Defendant City failed to take adequate steps to address this pattern and practice and protect the inmates. These failures constituted a breach of their duty, and proximately caused the assaults on plaintiff on or about February 9, 2012 and again on or about March 6, 2013.

50. Additionally, despite their duty to protect Mr. Spence while he was detained in OBCC and Kings County Supreme Court, the individual Defendants failed to take reasonable steps to do so. This failure constituted a breach of their duty, and proximately caused the assault on plaintiff on or about February 9, 2012 and again on or

about March 6, 2013.

51. As a direct and proximate result of the negligence detailed above, plaintiff sustained the damages herein alleged.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by Mr. Spence as a result of the events alleged herein.

2. Punitive damages in an amount to be determined at trial.

3. Reasonable attorneys' fees, together with the costs of this action.

4. Such other further relief as the Court may deem appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all the issues that may be so tried.

Dated: New York, New York
February 22, 2016

                                                    PAUL, WEISS, RIFKIND, WHARTON &
                                                        GARRISON LLP

                                            By: /s/ Genevieve Hanft
                                                 Genevieve Hanft
                                                 Walter Ricciardi
                                                 1285 Avenue of the Americas
                                                 New York, NY 10019-6064
                                                 (212) 373-3000
                                                 ghanft@paulweiss.com
                                                 wricciardi@paulweiss.com

                                                 *Attorneys for Silburn Spence*